Howard Schwartz, Judicial Administrator Office of Judicial Administration Kansas Judicial Center 301 SW 10th Street Topeka, Kansas 66612
Dear Mr. Schwartz:
As Judicial Administrator you request an opinion regarding the following question of law:
 Are all mediations in Kansas covered by state confidentiality statutes, regardless of whether the mediations are court-ordered or whether the mediations occur prior to filing of a case in court? *Page 2 
 Confidentiality
The answer to your question is found by examining several statutes within the Dispute Resolution Act, [1] beginning with the confidentiality provision that states:
 All verbal or written information between any party to a dispute and a neutral person conducting a proceeding under the dispute resolution act or the staff of an approved program shall be confidential communications.[2]
A dispute resolution proceeding is "a process by which the parties involved in a dispute voluntarily agree or are referred or ordered by a court to enter into discussion and negotiation with the assistance of a neutral person."[3] Mediation is clearly a type of dispute resolution proceeding.[4] Therefore, the Act will apply to the following programs, individuals and disputes:
 [R]egistered and approved programs and individuals, and personnel thereof, . . . parties to dispute resolution being conducted by registered programs and individuals, and
. . . disputes referred by a court, by state government or as otherwise provided by statute. . . .[5]
Clearly, the Act does not limit its confidentiality provision to court referred mediations, but rather includes any mediation conducted by a registered program or registered individual.[6]
Additionally, the term "neutral person" as used in the Act's confidentiality provision refers to an "impartial third party who intervenes in a dispute at the request of the parties or the court in order to help facilitate settlement or resolution of a dispute."[7]
 Evidentiary Privilege
While your question was framed in terms of "confidentiality," this analysis would be remiss in not mentioning the companion evidentiary privileges found in the Act, [8] and the Rules of Evidence.[9]
With only minor differences between these sections, both *Page 3 
privileges prevent discovery or admission of representations or statements made in a mediation.
Both privileges refer to a dispute resolution proceeding conducted by a neutral person or staff of an approved program pursuant to the Dispute Resolution Act.[10] Although "neutral person" is not defined in the Rules of Evidence it is defined in the Act as a "neutral impartial third party who intervenes in a dispute at the request of the parties or the court in order to help facilitate settlement or resolution of a dispute.[11] Clearly, these evidentiary privileges extend to mediations that occur prior to the filing of a case in court provided the mediation occurs at the request of the parties and is conducted pursuant to the Dispute Resolution Act.
Sincerely,
 Steve Six Attorney General
 Camille Nohe Assistant Attorney General
SS:MF:CN:jm
[1] K.S.A. 5-501 et seq.
[2] K.S.A. 5-512(a).
[3] K.S.A. 5-502(e) (emphasis added).
[4] "Mediation" means the intervention into a dispute by a third party who has no decision making authority, is impartial to the issues being discussed, assists the parties in defining the issues in dispute, facilitates communication between the parties and assists the parties in reaching resolution. K.S.A. 5-502(f).
[5] K.S.A. 5-501(b) (emphasis added).
[6] This refers to those programs and individuals who have registered with the director of dispute resolution and are eligible for public funding or are otherwise approved by the director. K.S.A. 5-502(a).
[7] K.S.A. 5-502(m) (emphasis added).
[8] K.S.A. 5-512
[9] K.S.A. 2009 Supp. 60-452a.
[10] K.S.A. 5-501 et seq.
[11] K.S.A. 5-502(m). (emphasis added). *Page 1